### HAREN et v NELSON et

Ohio Appeals, 7th Dist, Jefferson Co

Decided June 7, 1934

Matz & Matz, Woodsfield, for plaintiffs.
Moore, Moore & Moore, Woodsfield, and Knepper, White, Smith & Dempsey, Columbus, for defendants.

## OPINION

By ROBERTS, J.

This cause came on for trial on the 28th day of February, 1934, in the Court of Common Pleas, which determined the issues in favor of the defendants. An appeal was prosecuted to this court and submitted upon a transcript of the evidence taken in the Court of Common Pleas, together with a considerable amount of evidence heard orally in this court. During the progress of the trial the following statement was made by the court:

"After having examined the record, and heard the testimony as adduced yesterday

and today, we are of the opinion, that there is not a sufficient showing of duplicity or secrecy upon the part of the Boards to warrant injunctive relief; that is to say that we feel that the Board of Education followed the required statutory requirements, and we do not feel that there has been a sufficient showing of duplicity to entitle the plaintiffs herein to relief by injunction under the allegations of the petition.

"We feel that we should state this to counsel and it will save some time. There has been a supplemental petition filed and an answer to it. We feel that the real vital issue before this court is raised from the pleadings.

"We feel that we should make ourselves clear upon the issue at this time. The question is raised as to the right of the School Board to determine the sufficiency of the remonstrances. One side claims that it was not within the right of the Board to determine the force and effect of that remonstrance, and the other side claims that the Board had that right. After such consideration as we have been able to give that issue, we are of the opinion that the Board had that right. We think that the Board had the right to determine whether it would act upon the petition. We think the Board had the right to determine the force and effect of the demonstrance. We hold that it had."

So far as the first part of this statement is concerned, this court still adheres to the declaration there made to the effect that a cause of action had not been made against the Board of Education in connection with its first resolution attempting to consolidate the two pre-existing districts. And whatever construction may be placed upon this, as to whether or not it included the second resolution by the newly constituted board rescinding the previous action and separating the Woodsfield Rural School District into the Woodsfield School District and Center Township Rural School District, we now affirm as applying equally to each of these two resolutions, one consolidating and the other separating.

A large amount of evidence was heard in this case; voluminous statements were made by counsel, frequently concerning matters not in issue in the case. Evidently there has been a great deal of feeling among the electors of the territory in controversy. The election of new members of the County Board previous to the enactment of these resolutions indicated at that time a prevailing sentiment against the old County Board.

It has been intimated that a quarrel of long existence regarding the Neuhart School District was, to a considerable extent effective in producing some of the subsequent results.

However, this court cannot say, from the evidence that the contention has been substantiated or established by a requisite degree of proof, that the Board of Education as existing at the time each of these resolutions was adopted, acted otherwise than in good faith, and, in belief that the results attempted to be accomplished by such actions would be beneficial to the schools and to the public. As before stated, it is not claimed that the Board was not authorized to so act or that there was any irregularity in form in relation to the manner in which these resolutions were adopted.

So far as the latter part of the quotation of the statement made by the court during the trial hereinbefore quoted, wherein it suggested in effect that the Board of Education had a right to consider and determine the sufficiency of the remonstrances, that statement is disapproved, this court having, after extended and serious consideration, reached a conclusion otherwise.

The supplemental petition set out in detail the action of the County Board on the 23rd of February, 1934, in rescinding the resolution of the consolidation, and again resolving that the two districts should thereafter exist as they were before the first action of the Board of Education.

The defendants on the 30th day of March, 1934, filed an answer to the supplemental petition setting out four separate defenses. These defenses are separately argued in the brief of counsel for the defendants and denominated first, second, third, fourth, fifth and sixth questions. The first question is as follows:

"Was the action of the County Board of Education, in its adoption of the resolution of February 23rd, 1934, by which it sought to create two new districts, namely, Center Township Rural School District and Woodsfield Village School District, out of the same territory which was used to create the new Woodsfield Village Rural School District, by resolution on December 2nd, 1933, valid?"

It has already been stated that this court holds, the conduct of the Board of Educa-

tion on December 2, 1933, consolidating these districts to have been regular and effective. No reason is apprehended whereby the same reasoning should not be applied to the conduct of the Board of February 23, 1934, differently constituted as to membership, in separating this consolidated territory into two districts as theretofore existing.

The second and third questions:
"2. If the action of the County Board in passing its said resolution of February 23, 1934, was valid, what territory was affected in the creation of the two newly created school districts?"
"3. Is it not a fact that the territory affected by the action of the County Board by the adoption of its resolution on February 23, 1934, was identical with the territory affected by the action of the County Board in adopting its resolution of December 2nd, 1933?"

In the opinion of this court the territory affected in the creation of the two newly created school districts was the territory comprising the two original school districts before the attempted consolidation. That is, the Woodsfield Village School District and Center Township with the territory from the previously enumerated townships which had previously been attached thereto for school purposes,—in other words, the territory of the two districts, when separated, was precisely the same as the two districts before the consolidation.

It is evident from the language of the resolution that they "undertook to undo the action of the County Board taken on December, 1933," and that they were thereafter to exist as "they were before said attempted consolidation." It is evident, not only from the nature of the proceedings, but from the expressed language found in the resolution that the Board of Education was attempting to and did act in conformity to the provisions of §4736 GC which reads as follows:

"The county board of education may create a school district from one or more school districts or parts thereof, and in so doing shall make an equitable division of the funds or indebtedness between the newly created district and any districts from which any portion of such newly created district is taken. Such action of the county board of education shall not take effect if a majority of the qualified electors residing in the territory affected by such order

shall within thirty days from the time such action is taken file with the county board of education a written remonstrance against it. Members of the board of education of the newly created district shall be appointed by the county board of education and shall hold their office until the first election for members of a board of education held in such district after such appointment, at which said first election two members shall be elected for two years and three members shall be elected for four years, and thereafter their successors shall be elected in the same manner and for the term as is provided by §4712 GC. The board so appointed by the county board of education shall organize on the second Monday after their appointment."

This brings us to a consideration of the issue presented with regard to the remonstrance filed against the attempted separation of the consolidated district into two districts as theretofore existing before the consolidation. And in §4736, GC, above quoted, it is said:

"Such action of the County Board of Education shall not take effect if a majority of the qualified electors residing in the territory affected by such order shall within thirty days from the time such action is taken file with the county board of education written remonstrance against it."

It is conceded that a remonstrance was circulated, generally signed and filed within the proper time, as provided by law, with the board of education. The County Board, however, at its meeting on April 24, 1934, among other things, took this action:
"It is therefore resolved by the Board of Education that the remonstrances filed with this Board to the action taken by it on February 23, 1934, do not contain names of a majority of the qualified electors residing in the territory affected by the act of this Board on February 23, 1934, and be it further resolved that the action of this Board taken on said 23rd day of February is now in full force and effect."

The whole resolution is of considerable length and sets out numerous alleged reasons why the remonstrance should not be regarded, to a considerable amount of which regard may not be given as not based upon facts as established or indicated by the evidence.
The first question in this connection for

consideration is: What if any authority did the Board of Education have to take action upon the remonstrance and determine whether or not it was sufficient or insufficient, valid or invalid?

It will be remembered from the reading of §4736, GC that the law is wholly silent as to any provision whereby and by whom the sufficiency or regularity or otherwise of the remonstrance may be determined. In this connection attention is directed to the case of **Board of Education v Best, commencing on page 138 of the 52 Oh St.** Commencing near the bottom of page 152 it is said in the opinion:

"The authority of boards of education, like that of municipal councils, is strictly limited. They both have only such power as is expressly granted or clearly implied, and doubtful claims as to the mode of exercising the powers vested in them are resolved against them. Clearly, these organizations that derive their existence as bodies politic and corporate from the legislature, cannot be allowed the same latitude in the observance of their statutory duties, as is permitted to the general assembly."

This opinion quotes with approval the case of **Blook v Xenia, 32 Oh St 461,** and in this case, in the opinion on page 466 it is said:

"We think, therefore, that it may be said that the policy of our jurisprudence is to require of municipal corporations a strict observance of their powers, and that in the exercise of these powers they should observe the forms the law has directed. All tribunals of special and limited jurisdiction must show the authority under which they act, and act in the manner pointed out."

The case of Board of Education v Best, supra, is cited in **108 Oh St 228.** In this case, the Board of Education v Best is also cited in Ruling Case Law, Vol. 24, page 569, where it is said in the text:

"In the absence of constitutional restrictions the legislature may provide that school directors shall be composed of any persons and chosen in any manner that it may prescribe. Such directors or trustees are only agents appointed to carry out the system provided for. They have no powers except as are conferred by legislative act, either expressly or by necessary implication, and doubtful claims of power are resolved against them. They have special powers, and cannot exceed them."

In an unreported decision of the Court of Appeals of Henry County, Ohio, decided Dec. 9, 1916, the case entitled Richard W. Hartman et v M. Hart Darby et, the opinion is as follows:

"By the Court: A transfer of territory under §4692 GC, as amended 105, 106 Ohio Laws, page 397, is automatically prevented whenever at the expiration of thirty days after the filing of the map provided for therein there is on file with the County Board of Education a remonstrance signed by a majority of the qualified electors residing within the territory to be transferred: No authority having been by statute, conferred on such Board, to determine the validity of a remonstrance."

The conclusion is reached that the Board of Education, a creation of the Legislature, has no power to act except as authorized by law, and no authority having been given to the Board of Education in this instance to consider or determine the sufficiency of the remonstrances this court is of the opinion that it had no duties or power to exercise in connection therewith. That an issue was raised is a matter for determination by the courts.

In this connection another question arises, and that is the sufficiency of the remonstrance. It is claimed on behalf of the plaintiffs that the language used in §4736 GC that remonstrances from the territory affected should include not only Woodsfield Village and Center Township School Districts, including the territory incorporated therein, but also all of the other five or six townships adjacent thereto, heretofore mentioned, from which these small parcels of land have been taken to complete the Center Township School District as hereinbefore described. That is, it is claimed that not only the territory within the district is affected, but that all of these other five or six townships are affected because certain territory by the action of the school board was taken from them to constitute the Center Township School District, and that they are therefore affected by a loss of territory and by the lessened ability to raise money from taxation. And for authority counsel for the plaintiff cite the case of **Durst et v The State ex Watmough et, 119 Oh St 262.** This case originated in this Court of Appeals and was affirmed in the Supreme Court.

The facts in this case were that a new district was composed of all of the terri-

tory in the former district, that is Bazetta Township, and there was added thereto 300 acres of land in the northwest corner of Howland Township and six or seven hundred acres of land in the northeast corner of Warren Township in said county. This case was affirmed upon authority of **State ex Grace v Howard, Treasurer, 101 Oh St 532.** Durst v Watmough above cited, however, is not authority for the instant case because of the radically dissimilar facts. In Durst v Watmough a new school district was being created by adding to Bazetta Township parts from Warren Township and from Howland Township, thereby enlarging the Bazetta District and decreasing the Warren and Howland districts. This added territory from the last two mentioned townships had never been in the Bazetta district, so it is wholly apparent that all of the electors in these two townships were affected and had a right to sign remonstrances, and it is contended by reason of this authority which so held, that all of the townships adjoining Center Township from which territory was taken years ago to increase Center Township School District, that the electors of all of such townships had a right to remonstrate and that the remonstrance presented did not contain names of 50% or more than half of the qualified electors of these townships.

In the instant case, however, no such situation prevails by the attempted separation of the Woodsfield Rural School District as consolidated into the two districts as previously existing. The status of none of these adjoining townships were changed; the parts thereof which had been incorporated in the Center Township district, of course, had a right to remonstrate, and should be considered as a part of the total number of electors of this territory so affected. But in these adjoining townships, or township school districts nothing was attempted to be added to or taken away from; they were in no respect changed. The express language of the resolution is to the effect that the consolidation was to be rescinded and the two districts reorganized as previously existing.

It is not disputed in this case but that the number of electors residing in the united districts as herein determined was less than 2400. It is also conceded that 1643 names were upon the remonstrance. It is further claimed that 232 were withdrawn, but that ten of these names were not signers of the remonstrance leaving 222 names to be withdrawn; 41 of these 222 signed the second paper again remonstrating against the action of the County Board, which would leave 1462 names. It is not presumed that the number of qualified electors in the territory could be absolutely determined with accuracy, and this likewise applies to the remonstrance. Persons may have signed who were under age or were nonresidents or disqualified for other reasons, but the industry of the opposing sides of this case resulted only in affecting the final result as to the number of qualified electors whose names appeared upon the remonstrance in the manner herein suggested.

There is no doubt, therefore, but what the remonstrance contained the names of more than 50% of the qualified electors; that the remonstrance was sufficient under the terms of the statute to prevent the attempted action of the Board of Education on February 23, 1934, from becoming effective.

It follows, then, that the action of the Board in resolving against the sufficiency of the remonstrance was void as being contrary to the fact, and was conduct on the part of the Board not authorized by law as hereinbefore stated.

The conclusion is that no cause of action has been shown by the petition or the supplemental petition of the plaintiffs, and those petitions are dismissed. The judgment of this court is in favor of the defendants. If a motion for a new trial is filed, it is overruled.

Judgment for defendants.

FARR and LYNCH, JJ, concur in the judgment.